WYETH v. CURTIS et al.

(Supreme Court, Appellate Term. December 7, 1904.)

1. INSURANCE—BROKERS—CONTRACTS—BREACH.

Where plaintiff contracted to obtain certain insurance for defendants at a less rate than plaintiff knew policies would be issued for by the insurance company, of which defendants had no knowledge, defendants' notification to plaintiff that they would not accept the policies from plaintiff, before the policies were issued, but after defendants had ascertained the policies would not be issued for the rate specified, did not render defendants liable for breach of contract.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by John D. Wyeth against Grove D. Curtis and another. From a Municipal Court judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

S. Morrill Banner, for appellant.
Frank V. Johnson, for respondents.

FREEDMAN, P. J. The plaintiff, an insurance broker, agreed to procure from the Travelers' Insurance Company of Hartford, Conn., policies of insurance for defendants covering liability against accidents occurring during the operation of teams and trucks used by them in their business at the rate of $14.50 per team. The regular rate fixed by the insurance company was $16.50

per team, and it was known to the plaintiff that no policy for a less rate would be issued by the company, and that rebates or obtaining insurance by brokers offering to refund to the insured a portion of their commissions was not allowed. The defendants were not aware that the insurance company would not issue a policy for less than $16.50 per team. Concealing from the insurance company the rate made by him to the defendants, the plaintiff procured from the company binding slips covering the liability of the defendants until policies of insurance could be issued. Subsequently, and before the policies were issued, the defendants learned that under no circumstances would the insurance companies issue the policies for less than $16.50, and they thereupon notified the plaintiff that they would not accept the policies from him. The sole disputed question at issue before the court was whether the defendant agreed to accept policies issued at a rate fixed by the company at $16.50 and receive a rebate from the plaintiff to such an amount as would reduce the premiums to the sum of $14.50 per team, or whether the plaintiff promised and agreed to procure the insurance policies from the company at a rate fixed at $14.50, which the plaintiff concededly did not, and which the testimony clearly showed he could not, do. Upon this question the court below found in favor of the defendants. Such a finding was proper from the testimony in the case, and defendants were not liable for a breach of contract as sued for, and the judgment should be affirmed.

Judgment affirmed, with costs. All concur.